moved the truck before the accident happened. But, if such were the case, even then the question would arise as to what duty could have called him to the elevator after the removal of the truck. The whole case is surrounded with doubt and conjecture, and it cannot be said that the unfortunate accident was due solely to the negligence of the defendant.

The rule requiring proof of freedom from contributory negligence is relaxed to the extent that less evidence is required where the victim of the accident has lost his life and no one saw the occurrence. But, nevertheless, there must be some evidence which tends legitimately to prove the fact. In this case there is an absence of any evidence on that point. As we have seen, the plaintiff has not even placed us in possession of facts susceptible of proof. Moreover, this is not a case where freedom from contributory negligence can be inferred from the nature of the accident itself, for the reason that the operation of the elevator was directly under the control of the deceased, and upon his acts in the management of the same the accident may have depended, and it was necessary to show, not necessarily by direct evidence, but by circumstances having at least some probative force, that it was not his act or omission which brought upon himself the unfortunate fatality.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(63 Misc. Rep. 615.)

### In re ROTHSCHILD'S ESTATE.

(Surrogate's Court, Kings County. June, 1909.)

TAXATION (§ 895*)—INHERITANCE TAX—ASSESSMENT.

> Where legacies are charged on real estate and the necessity for a sale of the land is clear, commissions of a broker upon such sales should be allowed as a necessary expense of administration on appraisal of the estate for the transfer tax.
>
> [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. § 895.*]

Application for assessment of a transfer tax on the estate of Simon Rothschild. From the report of the appraiser fixing the transfer tax, the executrix appeals. Reversed, and remitted to appraiser for further proceedings.

Leon Kronfeld, for executrix.

William W. Wingate, for State Comptroller.

KETCHAM, S. No ground appears upon which the appraiser's estimate of the value of the real estate can be disturbed. The specific charge of the legacies upon real estate, together with the express power to make deeds to carry into effect the provisions of the will, implies a power of sale. The sale, if made, will be an act of administration, and the necessity for the sale is clear. Hence, as to the lands devised, the only interest which passes by the will, when the devise is subject to a power which is sure to be exercised, is the right to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

receive so much of the proceeds of sale as shall remain after the payment of legacies, debts, and expenses incident to the sale.

If commissions are to be paid to a broker for procuring a purchaser, then, unless there is a corresponding deduction, the tax will be levied upon a sum which by the will cannot reach the beneficiary. Such commissions are a proper expense, and the executrix swears, without contradiction, but in somewhat uncertain language, that in this case the commissions will be included in the expenses of the sale necessarily to be paid. The proceedings should be remitted to the appraiser to take such further proof as may be offered, and upon the whole case to allow the amount of broker's commissions upon the sale, if upon all the proofs it shall appear that they are actually to be paid.

Proceeding remitted to appraiser.

---

(63 Misc. Rep. 616.)

## In re VAN PELT'S ESTATE.

(Surrogate's Court, Kings County. June, 1909.)

TAXATION (§ 895*)—INHERITANCE TAXES—ASSESSMENT.

    Where an estate amounts to less than $100,000 at testator's death, but more than that amount comes to the hands of the executors by accrual of interest, each executor is entitled to full commissions, and separate commissions should be deducted in appraising the estate for the transfer tax.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. § 895.*]

Application for appraisal of transfer tax on the estate of Jacob L. Van Pelt. From an order fixing the transfer tax, the executors appeal. Modified.

Furst & Furst (Arnold S. Furst, of counsel), for executors.
William W. Wingate, for State Comptroller.

KETCHAM, S. Upon an appeal taken from the order fixing the transfer tax, the ground of appeal is that, in the adjustment of the tax, deduction was made of a single commission to executors instead of a commission to each of three executors.

The estate at the time of the death was of the value of $98,621.33, but, when the executors received their letters, it had been increased by the accrual of interest to more than $100,000. No doubt, for the purpose of the transfer tax, the estate must be valued as of the time of death; but whether each executor shall receive a full commission is to be determined by the value of the estate which they shall have administered. Under familiar methods of estimating deductions, it must be found that a triple commission is among the prospective expenses of this administration. The two additional commissions at the estimate made by the appraiser would be $2,299.52. The present order would make the legatees pay a tax upon this sum as an amount

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes